[Crim. No. 8867. Third Dist. May 11, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GENE COOK, Defendant and Appellant.

## COUNSEL

William Earl Bonham, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Charlotte W. Adams, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Defendant appeals from a judgment after a plea of guilty to burglary in the second degree. He challenges the trial court's denial of his motion to suppress evidence.

In this appeal we are called upon to decide whether a residence burglar, whose crime is discovered in progress and interrupted by the police, may assert a violation of the right secured by Penal Code section 844 to the very victim whose property he is pillaging in order to suppress the evidence against him. The law is neither an ass nor an idiot.[1] To ask the question therefore is to answer it.

Mrs. Carol Smith lived in apartment 11 at 8037 North El Dorado, Stockton. Early one afternoon she answered a knock on her door. She was confronted by a barefoot, disheveled young woman who inquired "where Jerry lived." She advised that no one by the name of Jerry lived there and shut and locked her door. Shortly thereafter, Mrs. Smith observed the young woman with defendant Cook in front of apartment 13. Cook was tearing the screen off the front window of the apartment. As Mrs. Smith was about to call the police, her phone rang. She informed her caller what she had observed and he offered to call the police.

An anonymous telephone caller informed police that two people were committing a burglary at apartment 13, 8037 North El Dorado. Officer Estes of the Stockton Police Department responded to a radio call advising of a burglary in progress at that address. He arrived there some 15 to 20 minutes after Mrs. Smith had observed the forcible removal of the window screen. Officer Estes observed that the window screen had been removed and the window pried open; there were chips of wood

---

[1]Charles Dickens, Oliver Twist (ch. 51): " 'If the law supposes that,' said Mr. Bumble ... 'the law is a ass—a idiot.' "

from the front door scattered on the ground and pry marks on the door in the area of both the locking mechanism and the deadbolt. Through the open window, Officer Estes could hear "the noise going on inside, ruffling of things going on inside;" he could also see movement.

Officer Estes entered the apartment through the unlocked front door. Defendant was seated on the sofa and the unkempt young woman, Mary Elizabeth Marchand, was in the back bedroom. A bedspread was laid out on the living room floor. On it were numerous items of clothing and a camera. A stereo set had been removed from its shelf. In the living room were two suitcases that had been packed with clothing and other personal property. In the bedroom, the drawers in a chest had been pulled open. Numerous items including jewelry cases, a shotgun and shells and items of clothing had been thrown upon the bed. Officer Estes arrested defendant and Marchand for burglary. Marchand had a screwdriver on her person and defendant had four watches and other items of jewelry in his pockets. The information received on the radio by Officer Estes and his observations outside apartment 13 amply support a reasonable belief that a burglary was in progress within. Furthermore there was probable cause for the arrests.

 However, defendant contends that Officer Estes' entry into apartment 13 was in violation of Penal Code section 844. That section requires that a peace officer "[demand] admittance and [explain] the purpose for which admittance is desired" before entering a house to make an arrest. An entry which is accomplished in violation of section 844 renders any subsequent search and seizure unreasonable within the meaning of the Fourth Amendment and requires exclusion of the evidence so obtained. (*Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 325 [82 Cal.Rptr. 348, 461 P.2d 628].) Illegally obtained evidence is inadmissible whether or not obtained in violation of the particular defendant's rights, and he may cause such evidence to be suppressed by asserting vicariously an infringement of the constitutional rights of another. (*Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 156-162 [98 Cal.Rptr. 649, 491 P.2d 1]; *People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855].)

 The purposes and policies underlying Penal Code section 844 were explained in *Duke* v. *Superior Court, supra,* 1 Cal.3d at page 321: "(1) the protection of the privacy of an individual *in his home* [citations]; (2) the protection of *innocent* persons who may also be present on the premises where an arrest is made [citation]; (3) the prevention of

situations which are conducive to violent confrontations between the *occupant* and individuals who enter *his* home without proper notice [citations]; and (4) the protection of police who might be injured by a startled and fearful *householder*." (Italics added.)

It is immediately apparent that neither of the persons inside apartment 13 was within the class for whose benefit and protection the knock-notice requirements of section 844 were enacted. They had no lawful business in the apartment and in fact were in the very process of burglarizing the premises when Officer Estes arrived. Moreover, Officer Estes' pre-entry suspicion to that effect was reasonably grounded on information received through official channels corroborated by his own observations at the scene. (Cf. *Horack* v. *Superior Court* (1970) 3 Cal.3d 720, 726 [91 Cal.Rptr. 569, 478 P.2d 1].) Thus, none of the policies announced in *Duke* would have been served if, prior to entry, Officer Estes had demanded admittance to apartment 13 and explained his purpose. Accordingly, the requirements of Penal Code section 844 are not even applicable to such a case.

Confronted with these facts, a punctilious regard for the privacy of the victimized householder and a concern for the protection of his property from the depredations of thieves require doublethink beyond the capacity of the ordinary mortal. The manifest purpose for Officer Estes' entry into the apartment was to protect the right of the owner to the security of his property. Under the circumstances, the manner of entry did not infringe any rights secured to the householder by Penal Code section 844. That being so, defendant's concern for the sanctity of his victim's privacy from police intrusion will not extricate him from the consequences of his crime.

The judgment is affirmed.

Janes, J., and Reynoso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 5, 1977. Sullivan, J.,* participated therein.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.